NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 4 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SHELLY HART,

                Plaintiff-Appellant,

    v.

THOMAS C. FALLS; PAUL
BACIGALUPO; ERIC TAYLOR;
FREDERICK RAYMOND BENNETT III;
LOS ANGELES COUNTY SUPERIOR
COURT, for the State of California; DOES,
1-25, Inclusive,

                Defendants-Appellees.

No. 23-55280

D.C. No. 2:22-cv-07282-CJC-E

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted May 29, 2024**

Before: FRIEDLAND, BENNETT, and SANCHEZ, Circuit Judges.

Shelly Hart appeals pro se from the district court's judgment dismissing her

---

    * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    ** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2). Hart's requests for oral
argument, set forth in the opening and reply briefs, are denied.

42 U.S.C. § 1983 action alleging constitutional claims arising out of Hart's ongoing state court action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (dismissal under Federal Rule of Civil Procedure 12(b)(6) and on the basis of Eleventh Amendment immunity); *Romano v. Bible*, 169 F.3d 1182, 1186 (9th Cir. 1999) (dismissal on the basis of judicial immunity). We affirm.

After Hart filed this appeal, Judge Falls ceased presiding over Hart's state court action. Therefore, to the extent Hart seeks prospective declaratory and injunctive relief against Judge Falls, this appeal is moot. *See Lund v. Cowan*, 5 F.4th 964, 968-69 (9th Cir. 2021) ("If an action or a claim loses its character as a live controversy, then the action or claim becomes moot. . . . [S]peculative suppositions, far-fetched fears, or remote possibilities of recurrence cannot overcome mootness." (citation and internal quotation marks omitted)). Hart's request for a judgment preventing her case from proceeding to trial in March 2023 is likewise moot. *See id.*

As to Hart's requests for relief that are not moot, the district court properly dismissed Hart's claims against Judges Falls, Bacigalupo, and Taylor as barred by judicial immunity, against the Los Angeles County Superior Court as barred by Eleventh Amendment immunity, and against Bennett as barred by quasi-judicial immunity. *See Munoz v. Superior Ct. of L.A. County*, 91 F.4th 977, 980 (9th Cir.

2024) (explaining that a California superior court is an "arm of the state" entitled to Eleventh Amendment immunity); *Curry v. Castillo (In re Castillo)*, 297 F.3d 940, 948 (9th Cir. 2002) (explaining that individuals who perform functions that are judicial in nature or have a sufficiently close nexus to the adjudicative process are entitled to quasi-judicial immunity); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (describing factors relevant to the determination of whether an act is judicial in nature and subject to absolute judicial immunity); *see also Lund*, 5 F.4th at 969-70 (explaining that an as-applied challenge to the constitutionality of California Code of Civil Procedure § 170.4(b) brought against a state court judge in their official capacity is barred by Eleventh Amendment immunity).

Contrary to Hart's contention, she is not entitled to prospective relief. *See Munoz*, 91 F.4th at 980 (explaining that the *Ex parte Young* exception to Eleventh Amendment immunity does not allow suits against state courts and "does not normally permit federal courts to issue injunctions against state-court judges" because "any errors . . . can be remedied through some form of appeal" (internal quotation marks omitted)).

We do not consider Hart's arguments and allegations concerning the merits of her claims that she raises for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

3                                                                    23-55280

All pending motions and requests are denied.

**AFFIRMED.**